Thank you, good morning. My name is Hannah Vendrio. I'm here on behalf of Petitioner Daria Korzhina. Today, this Court is considering a consolidated petition for review of both the denial of Ms. Korzhina's asylum application and the court's denial of her motion to re-appoint. And the Court finds itself in a little bit of an unusual posture here, as the parties actually agree that remand is required. It's just kind of a question of the scope of that remand and how this Court should review the case and what the nature of that remand is. Well, do you want us to remand with directions to the Board, basically, to afford relief? Is that what you're asking for? Almost. I think that... I mean, either eventually, or we have to be careful how we phrase that. The unresolved issue, I think, in Petitioner's view, is that the Board did not engage in a permissible effect finding, in assuming her credible, and then analyzing the undisputed facts before it. So you think this was sort of one of those cases where the Court says, well, even if the Petitioner was credible, we're looking at the evidence here, and as a matter of law, we make the following rule. Right, I think it's actually really similar to the kind of case that both this Court and the Board reviewed, where there's like a not-explicit adverse credibility finding. This Court's like, ugh, the judge could have hinted that there was an adverse credibility finding, but didn't make it explicit. So, you know, we're not going to make one, and now we're just going to analyze the undisputed facts, and that's what we're required to do. This Court doesn't engage in fact-finding when it does not, and neither does the Board when it did the same. And so in light of that, then, this Court is allowed to review the kind of substantive decision on past persecution, whether the nexus standard was met, the government's willingness, ability to protect a Jewish person in Russia, and whether this Court did not have an independent fear. And I think if the Court finds that the Board here, in seeing that there's no past persecution, which I think is quite clear from this record, also responded to any argument that there was no past persecution. What we do with the fact that if I read the I.J.'s decision, the I.J. essentially said, I do not find the petitioner credible. Therefore, petitioner doesn't meet the statutory requirement of standing a privileged patient case for release. It didn't look to me like the I.J. spent much time analyzing the actual acts to determine whether or not they constituted persecution under the statute. And that's what the Board did, was see if she was credible. So why doesn't that, on this record, amount to findings of fact that the I.J. never made? Because, I mean, I guess two things. One, the I.J. did go to the issue of persecution and independent, well-founded fear. And she didn't spend a ton of time on it. There wasn't a ton of analysis. And the primary finding was not her credibility. But there were other findings in the Board's decision. And the Board, I mean, I'm sorry, in the immigration action decision, the Board actually goes so far as to acknowledge them and says, I'm looking at these other documents in the record. She didn't establish past persecution. The I.J. analyzed an objective, well-founded fear. The Board thinks she did that. If you look at the Board's decision at 206, you'll see that, in the history of Record 206, we agree with the immigration judge's alternative finding that the objective evidence does not independently support a well-founded fear. What the I.J. found that is sort of a little bit ambiguous is that the court finds that none of the above documentation, standing alone, without the credible testimony of the respondent, establishes persecution. That's right. So I take it you agree that if she's not credible, then there isn't enough fear to establish a record of persecution. Yes, I do. And then the Board said, okay, and the I.J. made an adverse credibility finding. We're going to just assume her credible, and we're going to assume these facts are disputed, and we think it doesn't matter. And it's almost the same way the Board does when they say there wasn't an explicit adverse credibility finding, so we're just going to assume that. What was the I.J. essentially saying? I don't believe this person, and these documents, standing alone, are not sufficiently authenticated because I've got an incredible witness who's laying the foundation for it. And that being? Let me finish. I'm not sure whether the I.J. and you had it. If I had found the petitioner credible, I would have ruled that the documents were properly authenticated and therefore were admissible in evidence. And then, I think, considering how I rule on the substantive merits, or did the I.J. in the passage that Judge Schroeder just quoted simply mean, I don't believe the witness, therefore these documents are not credible? I'm done here. She hasn't met her burden, and I think there's a difference. I think there may be a difference, but I think what the board did is just say, look, we're not going to worry about this credibility finding. I think, frankly, the board had reasons to not refer them. The I.J.'s credibility finding, given this part, is almost entirely based on implausibility and speculation, which this part is very skeptical of. The board probably had a sense of that. I mean, we can't know for sure, but I think they had good reason not to, and said, you know what, look, it's kind of like when there's not an explicit adverse credibility finding, we're just going to look at the undisputed facts. Go ahead and do that now. The point of the finding, coming back to it, is that when the stand finder doesn't believe the only witness who testified at the hearing, then it's in and of itself to say, I just don't believe the story. Sure. Right. But the board isn't, there's no case law and nothing in this court's precedent, the board's precedent, that suggests that the board isn't allowed to just assume credibility and apply standards of law de novo to undisputed facts. And since these are all de novo reviews, it's past persecution de novo reviews, it's independent, well-founded, fair, objective evidence de novo reviews, it's unwilling and ableist de novo reviews, these are all de novo anyway. So it's hardly relevant. Okay. Well, what do you want us to do? Well, what I think would be most helpful is to say the past persecution, she did establish past persecution, and then remands that DHS can have an opportunity to rebut that presumption, which they didn't have. How did she do that? What happened to her speeches? What happened to her speeches? She has two independent meetings on the street from skinheads that both called her by name, that had swastika tattoos, that used racial offense. She has a home invasion in which the robbers told her, take your business back to Israel. They clearly were not just criminal, they were motivated to run a Jewish person out of Russia. She has another, you know, frightening attack by her husband's business associates, that also used Jewish slurs against her, sort of wrenched her in a scary event. She has some childhood persecution as a Jewish person. The board needed to look at all that material. I believe they did a really poor job of analyzing those things together, and I think they quite clearly amount to past persecution on account of her Jewish ethnicity. Another point I just want to make really quickly, before I reserve the rest of my time. Yeah. It's just that a motions panel of this court, in October 2013, already decided not to remand this case. That was on docket entry 33 in October 2013. A motions panel affirmed the public commissioner's decision not to, in a motion reconsidered, not to remand for documents. I mean, the government's saying we agree to remand, so I mean, are you arguing law of the case? Kind of, yeah. Not exactly that you can't, but just that this is not a jurisdictional question, and a motions panel already decided this, so it's flabbergasting to me that the government would ask this court to overrule another motions panel. Yes, they do. Fair enough. But they didn't make any arguments on the substance. No, they haven't made any argument on the merits. So your position is that they've waived any argument on the merits of remand? Right. Okay. Yeah, yeah. That's all for September 11th. So that's your ruling. Thank you very much. Thank you. Thank you. Thank you. Court is in order. The case is in order. The case is for Amanda Drensinka on behalf of the Attorney General. The Immigration Judge is a fact finder in this case, and the facts the petitioner just recited exist out of past persecution and were never found by the Immigration Judge. In particular, what actually occurred, or what did actually occur, was the prosecutor primarily motivated by crime, or they motivated by her religion? Which one is it? These are matters on the regulations that need to be determined by the finder of fact in the first instance. So you would argue that they need to remand to the BIA so that it can then remand to the IJ if that was everyone? The court should remand the case back to the board to, in the first instance, decide what is the appropriate step. It can reaffirm the average credibility determination if it desires. In that case, it will have to re-evaluate, because the average credibility determination can impact the motion to reopen. If we remand the motion to reopen, why do we need to say anything about the motion to reopen at all? Well, because sending the just motion to reopen back would only send it back to the board. Obviously, the Attorney General's discretion to deny the motion to reopen regards to whether the petitioner makes another case. So the case would have to simply go back to the board. Well, you have two separate issues here, and that's what's confusing. One is this question of what to do with the average credibility determination that the board assumed for purposes of its analysis that could come out the other way that it would have in a subsequent evaluation to reopen. So if we decide there was an error with regard to the first and we send it back, does it impact the motion to reopen? Well, first of all, there's the adverse credibility determination that the party disagrees with before the court. So the court's not reviewing the adverse credibility determination. So it's a board problem if the board didn't say anything other than even assuming she was credible, it didn't say, first, we find that there is substantial evidence in the record to support the adverse credibility determination. And then alternatively, even if we assume that she was credible, then we go on to look at the other evidence and they didn't choose to have it. I'm sort of rewriting the opinion that I wish they had written, but we're stuck with the record instead. Exactly, and the attorney general saying that record was never established by the immigration judge and then the board engaged in a proper fact-finding. We do it in this case, and it's fairly similar to Brazilian. In Brazilian, there were actual, there was indeed evidence that was in the record, and it was about an immigration officer's testimony about whether a gas tank was filled. That was the operative standard. The immigration judge referenced that the gas tank was filled, because he made a different finding in that case. But the board came along and said, well, look, we're not finding facts. All we're doing is pointing to the record and saying, well, here it is. It's right there. What this court said was the board can't do that unless there are conditions. There was no ambiguity about those decisions. What is the case that you say is a process that was rescinded in the suit? A-R-E-C-I-L-I-E-N. The incitement, for example. So in this court, there was no ambiguity in this court's decision in that case. The government in that case said, well, if this court finds this improper in the regulations, it should go back to the board under a term. What this court said is, you know, it's unambiguous that the board cannot find this fact. And that fact absolutely was fulfilled. You have to be able to say that the I.J. didn't find that. It didn't decide on that. And the immigration judge didn't. And the loss that you have here is an ambiguous thing. It says that she needs to have a credible testimony because it's not in the rest of the suit. Well, it's not an ambiguity. It's not an ambiguity. I mean, the entire decision, if you look at the fact finding section, is entirely out of its credibility. And that's very good. This court's like, this is page 302 of the record. The immigration judge says, well, let's look at the objective evidence. It's ignoring your testimony. And that's because this court requires the immigration judge to do that. But do you know that this won't happen? I guess I don't understand why we should demand for the board to do something that's already done. Exactly. What it did was, on the front burner, the immigration judge has to do the suit, for instance. And, again, for us to look at, really, it's the most straightforward case, Rodriguez. And for the suits or facts, Ritore, the board's new decision, CCO, he has to point something out that's unusual. The truth of the story is that that's really the seminal, in fact, the seminal case. The seminal on what will occur in the future. Again, so what is the finding of facts? It's what did actually occur, what will occur, and what most independent people can ask for the future. Ritore deals with the future. Rodriguez originally deals with, essentially, past or historical street facts. The location, the condition of rents, the fitting of taxes, as well as those supports past or excusing people. So how did the immigration judge's decision do this job? Well, he did that because you're adopting a reading that I suggested to your opponent that wants the immigration judge to meet the adverse credibility finding. And I think it was done. I'm just not buying this story. You have a character burden to establish, and I'm not going to tell you what Ritore did. Right. This is one of those cases, which is not always the same comment, where the immigration judge just says, I read, done, nothing else. The board does often, and the immigration judge often do engage in alternative findings. But what happens in those cases are, the immigration judge actually makes findings. That often is a fact-finding where it says, this is what happened. They're really asking us to parse the IJ's decision rather than the board does. I don't see that R1 has really done that. No, it's one thing for the IJ to find a fact and then have the board say the fact is 232, which is what has happened in the past. And that you cannot do. HCFR 1003.1 D.4.4 is the board can't decide, it can't use a valid finding fact, it has to see the fact of the immigration judge. And again, in Brazilian, it answers this question. Are the facts in this record? Yeah. Is this board decision defensible? On the reality? Sure. Except in the regulations, the board can't do what it did. We need further fact-finding. Why did the burglars do what they did? Why, what actually happened at the garage? What was thrown at the garage? What motivated the burglars? All these are facts finding that the immigration judge must, under regulations, do in the first instance. The record is in Brazilian, do the parsonals have a fingerprint? That is what the court has said. So, when we look at the immigration judge's decisions, the board does size people here and here's the finding of that act of bullying. But why did you want us to just bring that to the board? Why did you bring the matter to the board and tell the board at our disposition we wanted to send this back to the immigration judge to correct the violations of the anti-fraud legislation? Well, because the immigration judge didn't violate the regulations. What the immigration judge is acceptable, but what the board has to do is either affirm the adverse credibility determination or send it back to the fact-finding. Those are the board's choices here. It can't do what it did here. Brazilian and Rodriguez are clear that it can't do this. The difficulties of immigration judge all point to the evidence, certain documentary evidence, that that alone is not sufficient. And the evidence consists of what? Documentary evidence and her testimony. But her testimony, even without her being credible, there's no... So the IJ said, look, unless I accept her evidence as credible, this doesn't make it. Michelle, it's something until all the evidence is from her. If she's not credible, that ends the case. This is one of those cases where this is complete adverse credibility determination. Well, the difficulty is that's not exactly what the immigration judge said. I appreciate your focus here. Part of the difficulty is it's a matter of... That is why for five years, the government has had attempts to send this case back to the board. For five years, we've been trying to send this case back. So it's a mess. Let the board fix it under regulations. Let the board comply with their treaties in Brazilian and send this case back to the government. Thank you. I wanted to go back to the point about the motion to reopen. If this court remands without specific instructions to send his employee back to the immigration judge, then the motion is not... I think that this court could say, the board's fine. The board is allowed to assume we're credible. It's allowed to apply undisputed facts. It's allowed to assume undisputed facts and get to de novo analysis. And if you do... Or that the board... No, no. That the board is allowed to just assume her credibility. To say this credibility decision is what it is, but we're going to assume her credibility. We're going to apply undisputed facts de novo to law. These are legal issues. We apply de novo anyway. If you send it all the way back to the IJ, then the MCR is moved. If you just send it back to the board and the board ends up dismissing our PFR for whatever reason, the MCR has to be alive. Otherwise, we don't get another stab at bringing it back to you. So I just wanted to make that point. The other point I just wanted to make, we do say the fact it would have to be within the discretion of the IJ to do that. Exactly. Yeah. And just lastly, Brazilian and Rodriguez, they just don't say that the board cannot assume her credibility. That question of whether the board can assume her credibility and apply undisputed facts... The board does it all the time. This court does it all the time. And I've been on the board of this court. I'm not a writer. And there's no case law, not a single case in this circuit or any circuit that I can find, that says the board and this court, as not fact finders, can't just assume her credible and apply her testimony to the law, de novo, as this court often does. Thank you very much. I appreciate it. He's just arguing it's undisputed. Thank you both for the argument. It was very helpful.
judges: Schroeder, Tallman, Whaley